**SO ORDERED.**

**SIGNED this 27 day of June, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

JOHN GLASS HAMILTON, SR.,          CASE NO. 11-07491-8-JRL
                                    CHAPTER 11
   DEBTOR.

---

### ORDER

This matter came before the court on the debtor's motion to assume an executory contract with Hodges & Coxe, P.C. ("Hodges") and the debtor's motion to employ Hodges as special counsel. Hearings were held on April 10, 2012 and June 11, 2012 in Raleigh, North Carolina.[1]

The debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on September 30, 2011. The debtor's chapter 11 plan was confirmed in open court on June 11, 2012. Prior to filing, Brian Keesee filed a complaint for alienation of affections against the debtor in Brunswick County Superior Court. The law suit is currently pending against the debtor in state court. The debtor answered and counterclaimed.

---

[1] At the April 10, 2012 hearing, the court heard the debtor's motion to assume the executory contract with Hodges. The debtor had filed an application to employ Hodges on April 9, 2012. The court left the executory contract matter open until the response time had run on the debtor's application to employ.

The debtor filed a motion pursuant to § 365 of the Bankruptcy Code to assume an executory contract with Hodges on March 8, 2012.  According to the contract, Hodges agreed, pre-petition, to represent the debtor in defense of the alienation case, prosecute counterclaims against Mr. Keesee, and handle any other matters involving or pertaining to Mr. Keesee.  Hodges is currently owed approximately $8,000.00 in pre-petition attorney's fees.

The Bankruptcy Administrator ("BA") objected to the debtor's motion on the ground that the contract in question was for professional services and subject to the requirements of § 327 of the Bankruptcy Code and Bankruptcy Rule 2014.  The BA argued that the motion lacked sufficient information to satisfy the necessary requirements.  The debtor filed an application to employ Hodges as special counsel nunc pro tunc on April 9, 2012.  The debtor alleges in his application that Hodges is experienced in family law and real estate matters and is well qualified to perform the work required in this case.

## DISCUSSION

The debtor seeks to employ Hodges as special counsel pursuant to § 327(e) of the Bankruptcy Code.  Mr. Keesee contends that Hodges represents an interest adverse to the debtor and bankruptcy estate by virtue of being a creditor.  Unlike § 327(a) of the Bankruptcy Code, "a claim for pre-petition fees will not, as a general matter, disqualify special counsel under Section 327(e)." In re EBW Laser, Inc., 333 B.R. 351, 358 (Bankr. M.D.N.C. 2005).  Pursuant to 11 U.S.C. § 327(e),

> [t]he trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter *on which such attorney is to be employed*.

11 U.S.C. § 327(e) (emphasis added)[2]; see In re AroChem Corp., 176 F.3d 610, 622 (2d Cir. 1999) ("By its terms, section 327(e) applies only where the attorney represented the debtor."). Mr. Keesee has failed to allege how Hodges' status as a creditor creates a conflict with regard to the state court litigation.  Therefore, the debtor may employ Hodges as special counsel.

   The parties do not dispute that the contract between the debtor and Hodges is executory.  Pursuant to § 365 of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365; see also footnote 2.  Based on the application to employ being allowed, the court will also allow the debtor to assume the executory contract with Hodges since the executory contract can be read in harmony with the employment of Hodges.  Mr. Keesee has filed a proof of claim for $10,000.00 (and in reality seeks damages far in excess of that amount) based on the resolution of the pending law suit.  However, if the debtor is successful in his counterclaims, he may receive a money judgment against Mr. Keesee.  Whatever the outcome, the law suit should be resolved promptly so as not to further distract the debtor from his obligations under the confirmed plan, and requiring new counsel would only further delay its resolution.  Therefore, a substantial benefit for the estate will be created if Hodges is successful in representing the debtor against Mr. Keesee.  The pre-petition claim will be paid as an administrative expense of the estate as the adequate assurance of prompt cure required by § 365(b)(1)(A)

   The court notes, that with regard to professional persons employed by the estate, it will

---

[2] Because the debtor in possession, with some limitation, is granted the same powers as a trustee, this applies to debtors in possession in chapter 11 cases.  See 11 U.S.C. § 1107(a) ("[A] debtor in possession shall have all the rights, . . . and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter.").

usually not be possible to satisfy both § 327 and § 365 if there is any prepetition claim for services.  The prepetition claim required to be paid as a condition of assumption by § 365 would mean that the professional would fail the disinterestedness test of § 327.  Generally, the only means by which a professional with a prepetition claim can be permissibly employed is by waiving the claim.  However, because the disinterestedness test does not apply with regard to special counsel, the two provisions of the statute can work in harmony in this limited context.

Based on the foregoing, the debtor's application to employ Hodges and assume an executory contract with Hodges is **ALLOWED**.

**END OF DOCUMENT**